ACCEPTED
15-24-00097-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/5/2025 11:37 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00097-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/5/2025 11:37:06 AM
CHRISTOPHER A. PRINE
Clerk

Randall Law,

*Appellant*,

*v.*

Texas Department of Insurance - Division of Workers' Compensation
Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer,

*Appellees.*

On Appeal from the
459th Judicial District Court, Travis County

**APPELLEE TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS'
COMPENSATION SUBSEQUENT INJURY FUND'S BRIEF ON THE MERITS**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

March 5, 2025

Canon Hill
Assistant Attorney General
State Bar No. 24140247
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1838
Email: canon.hill@oag.texas.gov

ATTORNEY FOR APPELLEE
TEXAS DEPARTMENT OF INSURANCE –
DIVISION OF WORKERS' COMPENSATION
SUBSEQUENT INJURY FUND

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................iv

REFERENCES TO THE RECORD AND ABBREVIATIONS ..............vii

IDENTITY OF PARTIES AND COUNSEL.......................................viii

STATEMENT OF THE CASE ............................................................ix

ISSUES PRESENTED .......................................................................x

STATEMENT OF FACTS ...................................................................1

STANDARD OF REVIEW...................................................................3

SUMMARY OF THE ARGUMENT .....................................................4

ARGUMENT .......................................................................................5

    I.     Mr. Law failed to plead a valid waiver of DWC's sovereign immunity.........................................................................................5

    II.    Mr. Law failed to plead a waiver of the DWC Employees' respective sovereign immunity...................................................9

PRAYER ...........................................................................................13

CERTIFICATE OF COMPLIANCE...................................................15

CERTIFICATE ..................................................................................15

APPENDIX.........................................................................................16

# INDEX OF AUTHORITIES

## Cases

*Brown & Gay Eng'g, Inc. v. Olivares*
  461 S.W.3d 117 (Tex.2015) ....................................................................8

*Cnty. of Cameron v. Brown*
  80 S.W.3d 549 (Tex. 2002) ....................................................................5

*Creedmoor-Maha Water Supply Corp. v. Tex. Com'n on Env't Quality*
  307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.)........................17

*Dallas Area Rapid Transit v. Whitley*
  104 S.W.3d 540 (Tex. 2003) ..................................................................4

*Fed. Sign v. Tex. S. Univ.*
  951 S.W.2d 401 (Tex. 1997)...........................................................7, 10

*Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*
  39 S.W.3d 591 (Tex. 2001) .....................................................................7

*Hall v. McRaven*
  504 S.W.3d 414 (Tex. App.—Austin 2016), *aff'd*, 508 S.W.3d 232 (Tex.
  2017) .................................................................................................8, 13

*Harris Cnty. v. Sykes*
  136 S.W.3d 635 (Tex. 2004) ..............................................................7, 9

*Honors Acad., Inc. v. Tex. Educ. Agency*
  555 S.W.3d 54 (Tex. 2018) ..............................................................12, 13

*Mansfield State Bank v. Cohn*
  573 S.W.2d 181 (Tex. 1978) ...................................................................4

*Ritchie v. Rupe*
  443 S.W.3d 856 (Tex. 2014) ....................................................................9

*Roach v. Ingram*
  557 S.W.3d 203 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ............14

*Shull v. United Parcel Serv.*
4 S.W.3d 46 (Tex. App.—San Antonio 1999, pet. denied) ..............................5

*Tex. A&M Univ. Sys. v. Koseoglu*
233 S.W.3d 835 (Tex. 2007) .......................................................................9

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*
852 S.W.2d 440 (Tex.1993) .......................................................................4

*Tex. Dep't of Ins., Workers' Comp. Div. v. De Los Santos*
446 S.W.3d 800 (Tex. App.—San Antonio 2014, no pet.) ..............................9

*Tex. Dep't of Transp. v. City of Sunset Valley*
146 S.W.3d 637 (Tex. 2004) ..................................................................9, 11

*Tex. Dep't of Parks & Wildlife v. Miranda*
133 S.W.3d 217 (Tex. 2004) ....................................................................3, 4

*Tex. Dep't of Transp. v. Jones*
8 S.W.3d 636 (Tex. 1999) ...........................................................................3

*Tex. Dept. of State Health Servs. v. Balquinta*
429 S.W.3d 726 (Tex. App.—Austin 2014, no pet.) ......................................12

*Tex. Music Library & Research. Ctr. v. Tex. Dep't of Transp.*
No. 13-13-00600-CV, 2014 WL 3802992 (Tex. App.—Corpus Christi-
Edinburg July 31, 2014, pet. denied) ..........................................................11

*Tex. Nat'l Res. Conservation Comm'n v. IT-Davy*
74 S.W.3d 849 (Tex. 2002) ..................................................................3, 7, 8

**Statutes**

Tex. Civ. Prac. & Rem. Code
§ 65.011 ....................................................................................................8

Tex. Gov't Code
§ 311.034...............................................................................................7, 9

Tex. Lab. Code
§ 402.00128(b)(12) ...................................................................................12

§ 402.021(c)(1) ....................................................................8

§ 408.081(d) ................................................................. 1, 12

§ 408.161 ...........................................................................11

§ 408.161(a) .....................................................................12

§ 408.201 ...........................................................................11

**Rules**

28 Tex. Admin. Code § 131.5 (2025) ...................................12

# REFERENCES TO THE RECORD AND ABBREVIATIONS

| | |
|---|---|
| TDI-DWC/DWC | Texas Department of Insurance - Division of Workers' Compensation |
| Mr. Law | Appellant, Randal Law |
| LIB | Lifetime Income Benefits |
| SIF | Subsequent Injury Fund |

# IDENTITY OF PARTIES AND COUNSEL

*Appellant/Plaintiff:*                              *Counsel before the Trial Court:*

Randal Law                                           *Pro Se*
                                                     701 E. 11th Street
                                                     Del Rio, Texas 78840


*Appellees/Defendants:*                              *Counsel before the Trial Court:*

Texas Department of Insurance,                       Canon Hill
Division of Workers' Compensation                    State Bar No. 24140247
Subsequent Injury Fund; Jeff Nelson;                 Assistant Attorney General
Kara Mace; and Blaise Gerstenlauer                   Administrative Law Division
                                                     Office of the Attorney General of Texas
                                                     P.O. Box 12548, Capitol Station
                                                     Austin, Texas 78711-2548

# STATEMENT OF THE CASE

Nature of the Case:     This is an appeal taken by Mr. Law from the 459TH Judicial District Court's entry of an order on August 27, 2024, granting Appellees' Plea to the Jurisdiction and dismissing all of Mr. Law's claims without prejudice for lack of subject matter jurisdiction.[1]

---

[1] Mr. Law filed a request for findings of fact and conclusions of law with the district court. Appellees filed their Response and Objections to Mr. Law's request, asserting that under the express terms of Rule 296 of the Texas Rules of Civil Procedure, as there was no trial, there was no basis for the court to issue findings of fact and conclusions of law. The district court did not issue any such findings or conclusions.

# ISSUES PRESENTED

Whether the district court properly granted Appellees' Plea to the Jurisdiction.

**STATEMENT OF FACTS**

Plaintiff-Appellant Randal Law suffered a compensable injury for which he became eligible for Lifetime Income Benefits ("LIBs"). The Texas Department of Insurance – Worker's Compensation Division ("TDI-DWC" or "DWC") administers the Subsequent Injury Fund ("SIF").[2] DWC is charged with administering the SIF and ensuring that it only pays LIBs to living recipients, as the Legislature has mandated that "an employee's entitlement to income benefits under this chapter terminates on the death of the employee" and that "an interest in future income does not survive after the employee's death." Tex. Lab. Code § 408.081(d).

Initially, DWC ascertained that Mr. Law was still alive, and thus eligible for LIBs, by sending him a form to be filled out per annum and returned to DWC. Plaintiff-Appellant's First Am. Pet. at 5, ¶ 18. Beginning in September 2022, DWC, in an effort to ensure only living recipients were being paid LIBs, began calling recipients once a month over the phone before disbursing any funds. *See* Appendix 1, DWC April 3, 2024, Letter. Employees of DWC spoke with Mr. Law every month from September 2022 until he filed suit against DWC along with its employees, Commissioner Jeff Nelson; Kara Mace, DWC's General Counsel; and Blaise

---

[2] Appellees assert a misnomer as to the Subsequent Injury Fund. The Fund is managed by the state agency known as Texas Department of Insurance, Division of Workers' Compensation (TDI-DWC) and the Fund is not a separate jural entity.

Gerstenlauer, Administrator of the SIF (hereinafter "Employees" or "DWC Employees"); on April 16, 2024. Plaintiff-Appellant's Original Pet. Mr. Law filed his Original Petition in Val Verde County, seeking injunctive relief from the district court to restrain DWC and its Employees from discharging their legislatively mandated duty to ensure that Mr. Law was alive before his LIBs were disbursed. The entire basis of Mr. Law's suit is that he did not like the method of telephone calls that DWC employed to ascertain his continued eligibility for LIBs, notwithstanding that he had complied with the method for nearly two years.

On May 13, 2024, DWC and its Employees timely filed their Defendants' Motion to Transfer Venue, Plea to the Jurisdiction & Original Answer. Mr. Law filed his First Amended Petition on May 16TH, 2024. After hearing the Appellee's Motion to Transfer on May 17, 2024, the 63RD Judicial District Court of Val Verde County ordered that the case be transferred to Travis County. After a hearing on August 27, 2024, the 459TH Judicial District Court in Travis County signed an order granting DWC and its Employees' Plea to the Jurisdiction, dismissing without prejudice all of Mr. Law's claims against DWC and its Employees for lack of subject matter jurisdiction on sovereign immunity grounds. It is from this order dismissing his claims that Mr. Law filed his notice of appeal.

## STANDARD OF REVIEW

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Jones*, 8 S.W.3d at 638. "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law, subject to de novo review. *Id.* at 226 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Determining whether undisputed evidence of jurisdictional facts establishes a trial court's subject matter jurisdiction is also a question of law. *Miranda,* 133 S.W.3d at 226.

A party suing a governmental entity bears the burden of affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). When a plea to the jurisdiction challenges the pleadings, courts determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex.*

*Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Courts should construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* Courts should construe liberally pro se pleadings and briefs; however, courts should hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but "does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). "[I]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.*

## SUMMARY OF THE ARGUMENT

The district court correctly granted the Appellees' Plea to the Jurisdiction. Mr. Law failed to plead a waiver of DWC's sovereign immunity. Thus, the district court lacked jurisdiction over Mr. Law's claims against DWC. Furthermore, Mr.

Law failed to plead a waiver of the DWC Employees' respective sovereign immunity, so the district court correctly dismissed Mr. Law's claim against them, as well. Further, Mr. Law's claims are an impermissible attempt to control state action and affirmatively negated the existence of the district court's jurisdiction. For all these reasons, this Court should affirm the district court's grant of the Appellees' Plea to the Jurisdiction.

## ARGUMENT

The Court should affirm the district court's order granting the Appellees' Plea to the Jurisdiction because: (1) Mr. Law failed to plead waiver of DWC's sovereign immunity; and (2) Mr. Law further failed to plead a waiver of the DWC Employees' respective sovereign immunity.

## I. Mr. Law failed to plead a valid waiver of DWC's sovereign immunity.

The Court should affirm the district court's order granting DWC's Plea to the Jurisdiction as Mr. Law failed to plead a valid waiver of DWC's sovereign immunity. The Petition does not include a valid waiver of DWC's sovereign immunity, which is a fatal jurisdictional defect. Plaintiff alleges that communications he received from DWC staff related to his receipt of benefits from the Subsequent Injury Fund are "bullying" and "harassing" and are subject to a writ of injunction under Tex. Civ. Prac. & Rem. Code § 65.011. Plaintiff-Appellant's First Am. Pet. at 4, ¶ 9. Plaintiff

5

has also alleged a "Failure to pay Lifetime Income Benefits," but his Petition states only that his payment was "one week late." *Id.* at 5, ¶ 18. Nothing in the pleadings, however, establishes a valid waiver of DWC's sovereign immunity from suit.

Mr. Law's suit, which "seeks to control state action," is barred by sovereign immunity absent an express waiver from the Legislature. *See Tex. Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–56 (Tex. 2002). When a party asserts claims against a state agency or official, the claimant's burden of establishing subject-matter jurisdiction includes alleging facts showing immunity has been waived as to those claims. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). The State of Texas, its agencies, and officials generally have sovereign immunity from suit and liability unless the Legislature has expressly waived that immunity. *See, e.g.*, *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591 (Tex. 2001). "The modern justifications for the [sovereign immunity] doctrine are protecting the public treasury from the costs of litigation and preserving separation-of-powers principles because the doctrine prevents the judiciary from interfering with the legislative prerogative to allocate tax dollars." *Hall v. McRaven,* 504 S.W.3d 414, 420 (Tex. App.—Austin 2016), *aff'd*, 508 S.W.3d 232 (Tex. 2017) (citing *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex.2015)).

Sovereign immunity extends not only to suits for money damages, but also to claims that seek to "control state action," such as declaratory judgments and injunctive relief. *IT-Davy*, 74 S.W.3d at 853–56. The Legislature is deemed to have waived the State's immunity only when "effected by clear and unambiguous language." Tex. Gov't Code § 311.034; *see Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 641 (Tex. 2004). When a claimant cannot establish a waiver of the State's immunity, the court lacks subject matter jurisdiction and must dismiss the case with prejudice. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007); *Sykes*, 136 S.W.3d at 637.

Claims regarding the Subsequent Injury Fund that do not fall into the "comprehensive statutory scheme" that reflects the "Legislature's careful balance of policies and interests" should be summarily dismissed as outside the subject matter jurisdiction of the Court. *Tex. Dep't of Ins., Workers' Comp. Div. v. De Los Santos*, 446 S.W.3d 800, 804–06 (Tex. App.—San Antonio 2014, no pet.) (quoting *Ritchie v. Rupe*, 443 S.W.3d 856, 880 (Tex. 2014)) (holding that the Court lacks subject matter jurisdiction to order payment from the Subsequent Injury Fund outside of the Workers' Compensation Act's express regulatory procedures).

The Court should affirm the order of the district court dismissing Mr. Law's claims as he could not, and still cannot, meet his burden of pleading and proving that

his causes of action overcome Texas's sovereign immunity from suit. DWC is a governmental unit that is subject to sovereign immunity. *See Fed. Sign*, 951 S.W.2d at 405. Mr. Law asserts statutory provisions in his Petition as the basis for this suit, but none of them provide valid grounds to maintain a suit against a state agency. *See* Plaintiff-Appellants' First Am. Pet. at 4-5 ¶¶ 15–16 (citing Tex. Civ. Prac. & Rem. Code § 65.011; Tex. Lab. Code §§ 408.161, 408.201). The statutes cited by Mr. Law create no separate cause of action under the Labor Code to enjoin alleged "bullying" and "harassment" by employees of a state agency. This portion of the Labor Code does, however, state that it "may not be construed as creating a cause of action." Tex. Lab. Code § 402.021(c)(1).

As for Mr. Law's claims for injunctive relief, section 65.011 does not provide a standalone waiver of sovereign immunity. Section 65.011 of the Texas Civil Practice and Remedies Code establishes the requirements to obtain a writ of injunction to vindicate a litigant's rights. Tex. Civ. Prac. & Rem. Code § 65.011. But this statute does not provide for any waiver of immunity in suits seeking injunctive relief against a state agency. *See Tex. Music Library &Research. Ctr. v. Tex. Dep't of Transp.*, No. 13-13-00600-CV, 2014 WL 3802992, at *19 (Tex. App.—Corpus Christi-Edinburg July 31, 2014, pet. denied) (mem. op.) (dismissing suit against governmental entity for lack of jurisdiction where no waiver of immunity is asserted

8

independent of section 65.011). The text of section 65.011 does not contain the kind of clear, unambiguous language required to establish a valid waiver of the state's sovereign immunity from suit. *See* Tex. Gov't Code § 311.034; *City of Sunset Valley*, 146 S.W.3d at 641. Mr. Law has not asserted any viable claims for prospective injunctive relief for violations of specific statutes or constitutional provisions as to any of the individually named defendants, only conclusory allegations of "bullying" and "harassment." Accordingly, the Court should affirm the district court's order dismissing Mr. Law's claims against TDI-DWC for lack of subject matter jurisdiction.

## II. Mr. Law failed to plead a waiver of the DWC Employees' respective sovereign immunity.

Mr. Law also failed to plead a waiver of the DWC Employees' respective sovereign immunity. As mentioned above, sovereign immunity generally extends to Texas state officials who are sued in their official capacities. *Tex. Dept. of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 738 (Tex. App.—Austin 2014, no pet.). "Although governmental entities and officers are generally immune from liability absent the government's waiver or consent, such immunity does not prohibit suit against a state official if the official's actions are *ultra vires*." *Honors Acad., Inc. v. Texas Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018). "To state an *ultra vires* claim, the plaintiff must allege and prove that the named officials acted without legal

authority or failed to perform a ministerial act." *Id.* "*Ultra vires* claims depend on the scope of the state official's authority," not the quality of the official's decisions. Hall 508 S.W.3d at 234. Thus, "it is not an ultra vires act for an official or agency to make an erroneous decision while staying within its authority." *Id.* at 242.

While Mr. Law's pleadings make references to case law concerning *ultra vires* claims, the district court correctly dismissed his claims against the DWC employees for several reasons. The district court's decision should be affirmed because: (1) Mr. Law failed to plead an adequate waiver of the DWC Employees' respective sovereign immunity; and (2) the conduct Mr. Law is actually complaining of is well within the legal authority of the DWC Employees. For these reasons, this Court should affirm the order granting the Appellees' Plea to the Jurisdiction as to the DWC Employees.

Firstly, Mr. Law failed to meet his pleading standard, even liberally construed, for an *ultra vires* claim against the DWC Employees. Mr. Law only made vague references to case law concerning *ultra vires* claims. *See* Plaintiff-Appellant's First Am. Petition at 7. Mr. Law never even attempts to explain what acts he is exactly complaining of other than that one of the disbursements of his LIBs was one week late and vague references to "bullying, harassment, intimidation, and threat." *See id.* at 5, ¶ 18. To this point, Mr. Law never clearly articulates what legal authority the DWC Employees were allegedly exceeding or what ministerial duties they were

allegedly failing to discharge. Mr. Law's oblique references to Tex. Lab. Code § 408.161, that "Lifetime income benefits are paid until the death of the employee," and Tex. Lab. Code § 408.201, that such benefits are "are exempt from: (1) garnishment; (2) attachment; (3) judgment; and (4) other actions or claims," are insufficient to establish how exactly the DWC Employees have acted *ultra vires*. *Id.* at 5. "Merely alleging 'ultra vires' or 'unconstitutional' conduct by a state official does not mean that the claimant has avoided sovereign immunity and invoked a trial court's inherent jurisdiction; the claimant must allege facts that actually constitute ultra vires or unconstitutional acts." *Roach v. Ingram*, 557 S.W.3d 203, 225 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Secondly, the district court's order should be affirmed because the DWC Employees' *actual* conduct Mr. Law is complaining of is well within their legal authority. As detailed above, Mr. Law is actually complaining of DWC's efforts to verify that all recipients of LIBs are in fact alive before any disbursements of LIBs are made. In order to effectuate this, DWC would call recipients by telephone before disbursements were made to verify that those recipients were in fact alive and that only recipients were receiving LIBs. *See* Appendix 1, DWC April 3, 2024, Letter. Mr. Law apparently took issue with this because "[f]or over the past two decades Plaintiff has only had to fill out one certified <u>verification</u> paper and return it on an

11

Annual Basis for the SIF whose administrator at the time was John Casub. . . ." Plaintiff-Appellant's Am. Pet. at 5, ¶ 18 (cleaned up). Thus, it is clear that the crux of this dispute is that Mr. Law does not like the mechanism DWC and its Employees have utilized to ensure he is still alive before he receives his LIBs.

While DWC has suspended calling Mr. Law during the pendency of this suit, all of its Employees' actions were well within their respective legal authority. The Legislature has plainly stated that LIBs are paid until the death of the employee. Tex. Lab. Code § 408.161(a). The Legislature has further dictated that "an employee's entitlement to income benefits under this chapter terminates on the death of the employee" and that "an interest in future income does not survive after the employee's death." Tex. Lab. Code § 408.081(d). In fact, Tex. Lab. Code § 402.00128(b)(12) expressly states: "The commissioner or the commissioner's designee may exercise other powers and perform other duties as necessary to implement and enforce this law." Implicit within all these provisions is the mandate that DWC ensure that only living recipients are paid LIBs.[3] Thus, Mr. Law is

---

[3] Pursuant to this mandate and its rulemaking authority, TDI-DWC adopted 28 Tex. Admin Code § 131.5, which was published in the September 27, 2024, issue of the Texas Register (49 TexReg 7837). Section 131.5 requires the SIF to verify that the lifetime income benefits (LIBs) recipient (injured employee) is living, receiving LIBs payments, and their contact information has not changed. Section 131.5 also requires the injured employee to certify the information with the SIF each month over a telephone call, video call, or other online verification system to receive the LIBs payment from the SIF. Furthermore, it clarifies that the SIF will hold any pending benefit payments until the injured employee verifies the information in subsection (a). Section 131.5 was necessitated to implement Tex. Lab. Code §§ 408.081, 408.161, and 408.162. 28 Tex. Admin. Code § 131.5 (2025)(The Texas Department of Insurance, Concerning Verification by the Subsequent Injury Fund).

complaining of conduct that is purely within the legal authority of DWC and its Employees, and cannot, as a matter of law, constitute *ultra vires* conduct.

Since the conduct Mr. Law is complaining about falls purely within the legal authority of DWC and its Employees, Mr. Law's claims are an impermissible effort to control state action and were correctly dismissed by the district court. "[I]f the plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action, and is barred by sovereign immunity". *Creedmoor-Maha Water Supply Corp. v. Texas Com'n on Env't Quality*, 307 S.W.3d 505, 515–516 (Tex. App.—Austin 2010, no pet.). Given that Mr. Law is merely complaining about the method of verification that DWC and its Employees have utilized, which the Legislature has authorized, it is obvious that Mr. Law is plainly attempting to control state action. Thus, his claims are barred by the Appellees' sovereign immunity. This Court should affirm the district court's order granting the Appellees' Plea to the Jurisdiction.

## PRAYER

Appellees Texas Department of Insurance - Division of Workers' Compensation, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer respectfully request that this Court affirm the district court's order granting Appellees' Plea to

the Jurisdiction, dismissing without prejudice all of the Appellant Randal Law's claims for lack of subject matter jurisdiction.

Appellees further requests any such other and further relief to which they may show themselves entitled.

Date: March 5, 2025

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/Canon Hill*
Canon Parker Hill
State Bar No. 24140247
Assistant Attorney General
Administrative Law Division
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1838
Email: canon.hill@oag.texas.gov

14

*ATTORNEY FOR APPELLEES*

## CERTIFICATE OF COMPLIANCE

I certify that the Appellee, Texas Department of Insurance – Division of Workers' Compensation Subsequent Injury Fund, Brief submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 3,398. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 365.

*/s/Canon Hill*
Canon Parker Hill

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, a true and correct copy of the above and forgoing document was served on the following party via electronic service and/or electronic mail:

Randal Law
701 E. 11th St.
Del Rio, Texas 78840
Rlaw9@stx.rr.com

**Appellant, Pro Se**

*/s/ Canon Hill*
Canon Parker Hill

# APPENDIX

Appendix 1                                  DWC April 3, 2024 Letter

# APPENDIX 1



**Division of Workers' Compensation**

PO Box 12050 | Austin, TX 78711 | 800-252-7031 | tdi.texas.gov/wc

April 3, 2024

Randal Law

████████████████████████████

Employee:      Randal Law
DWC No.:       ████████████
Employer:      Vidor Mobile Home Center
Date of Injury:  ████████████

Subject: Subsequent Injury Fund's lifetime income benefit recipient monthly verification

Dear Mr. Law:

The Texas Department of Insurance, Division of Workers' Compensation (DWC) sends this letter to address some of your concerns about the Subsequent Injury Fund's (SIF) monthly lifetime income benefits (LIBs) recipient verification process.

DWC has to make sure we do not incorrectly pay LIBs to someone not entitled to benefits. DWC's monthly verification process involves verifying that:

1. The eligible person designated to receive the benefit is alive;
2. The person is receiving the benefit;
3. Their contact information is current; and
4. The person is receiving the correct benefit timely.

We do this by using a research tool, called CLEAR, and by making monthly phone calls. As part of this verification process, we have spoken to you by phone every month since September 2022.

DWC performs this monthly verification process under these Texas statutes:

- Texas Labor Code Section 402.00128(b)(12). The commissioner or the commissioner's designee may exercise other powers and perform other duties as necessary to implement and enforce this title.

- Labor Code Section 402.021(b)(3) says, in part, that it is the Legislature's intent that the workers' compensation system of this state provide appropriate income benefits in a manner that is timely and cost-effective.

- Labor Code Section 408.081(d). An employee's entitlement to income benefits under this chapter terminates on the death of the employee. An interest in future income benefits does not survive after the employee's death.

- Labor Code Section 408.161(a). Lifetime income benefits are paid until the death of the employee.

DWC calls you monthly to make sure you are alive, you are receiving your payments, your contact information is current, and you are receiving the correct benefit timely. This process is consistent with the Legislature's intent that the workers' compensation system provides appropriate benefits in a manner that is timely and cost-effective, and to distribute SIF payments in a manner that complies with the Labor Code. The SIF cannot make LIBs payments to a beneficiary who is deceased, and our verification process ensures proper payment under Texas law.

We have found that a monthly phone call is the most effective and timely way to maintain ongoing contact with each LIBs recipient. We are open to discussing alternative methods of verification for you.

**We must talk to you monthly to avoid any disruption in payment of your benefits.** If we are unable to establish contact monthly, we will place a hold on your payment.

We understand your frustration, and we will continue to strive to issue your payment timely. We are always available by phone to assist in any way we can. We encourage you to please call us or answer our call as soon as possible.
Kind regards,

*Blaise Gerstenlauer*

Blaise Gerstenlauer, J.D.
Subsequent Injury Fund Administrator
512-804-4418

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Pruneda on behalf of Canon Hill
Bar No. 24140247
paul.pruneda@oag.texas.gov
Envelope ID: 98088852
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 2025 0305 TDIDWC et als Brief on the Merits
Status as of 3/5/2025 11:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paul Pruneda | | paul.pruneda@oag.texas.gov | 3/5/2025 11:37:06 AM | SENT |
| Canon ParkerHill | | canon.hill@oag.texas.gov | 3/5/2025 11:37:06 AM | SENT |

Associated Case Party: Randal Law

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Randal Law | | rlaw9@stx.rr.com | 3/5/2025 11:37:06 AM | SENT |

Associated Case Party: CanonHill

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Canon Hill | | Canon.Hill@oag.texas.gov | 3/5/2025 11:37:06 AM | SENT |